11 N.J. Super. 221 (1951)
78 A.2d 295
JOHN P. CONDON, JR., PLAINTIFF-APPELLANT,
v.
EDITH MORAN, EXECUTRIX AND TRUSTEE OF THE ESTATE OF JEAN F. CONDON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 4, 1950.
Decided January 10, 1951.
*222 Before Judges FREUND, PROCTOR and ROGERS.
*223 Mr. Frank P. Marano argued the cause for the plaintiff-appellant.
Mr. Leslie S. Kohn argued the cause for the defendant-respondent (Mr. James W. Gillespie, attorney).
The opinion of the court was delivered by ROGERS, J.A.D.
This action was instituted in the Superior Court, Chancery Division, to compel Jean F. Condon to account to plaintiff for her conduct of their partnership enterprise. Jean F. Condon died soon after the suit was commenced and the representative of her estate was substituted as defendant. By counterclaim, defendant sought recovery for the value of the partnership use of premises owned by the deceased partner, for advances to the partnership made by her for plaintiff's benefit, for rent collected by plaintiff for his partner's account, and for the reasonable value of board, rooms and garage furnished plaintiff by his partner.
The amounts of the gross income and the expenses of the business and the withdrawals made by each partner were stipulated at the hearing; and therefrom it appeared that the deceased partner had withdrawn substantially more than her share of the profit. The learned trial judge sustained the major portion of the counterclaim. The resulting judgment was entered for plaintiff and represented the excess of decedent's liability to plaintiff upon the partnership accounting over the recovery from plaintiff upon the counterclaim. The appeal is from this judgment on the counterclaim exclusive of the sums awarded for plaintiff's use and occupation of the apartment and the business premises after the termination of the partnership which were conceded.
Plaintiff's suit was pleaded and tried upon the theory that by express contract, decedent furnished as her contribution to the operation of the partnership the use of the first floor and garage of her property as well as plaintiff's board and room, and that plaintiff furnished his full time in the business. The pretrial order stated that the issue, under the complaint, was based upon this agreement between the parties. Plaintiff *224 also pleaded this agreement as a defense to the counterclaim for rentals and board.
The only testimony offered by plaintiff was his own and his sister's. The defendant submitted no witnesses. This evidence does not establish that any such agreement was made by defendant's decedent with plaintiff to contribute to the operation of the partnership. The sister's testimony did not establish what the partnership agreement was, and plaintiff was not permitted to testify over objections to any transactions with or statements by the decedent. R.S. 2:97-2. In this posture of the evidence the trial judge properly held that plaintiff had not sustained the burden of proof of decedent's alleged agreement.
Plaintiff further contends that the court erred in ruling that in the circumstances there was an implied promise by the partnership to pay rent to the deceased partner for the premises occupied by the business and by plaintiff to pay her for his board, room and garage rent. It is urged that such promises are not implied because though plaintiff gave his full time to the partnership decedent rendered but trifling service, and that the fact that the records showed no payment of rent or board to decedent implies such were her contributions to offset plaintiff's full-time services. It is argued that otherwise the decedent obtained more from her equal interest in the partnership than plaintiff because he received no compensation for his services. But this overlooks the rule of law that a partner is bound to give his time to the management of the partnership and is entitled to no special compensation for such services unless there is an agreement therefor. A partner's compensation for partnership service in the absence of agreement otherwise is his share of the profits. 40 Am. Jur., pp. 208, 213; 68 C.J.S., p. 531. Furthermore, on the merits of this point, there is evidence that decedent managed the partnership in plaintiff's absence in the military service for almost the entire first year of the business, and that, thereafter, she kept the books, answered the telephone and cleaned the business premises so long as she was able. Probably the partner's services were not of equal value but that has no *225 material bearing upon whether there was an implied contract to pay decedent rent, board, etc., as claimed. 68 C.J.S., p. 532. Such inequality of service as there may have been was a matter for adjustment between the partners and the evidence is silent in this regard. The judge correctly found there was an implied contract for rent to be paid decedent by the partnership for the use of her premises, and likewise for rent to be paid by plaintiff for his use of the premises after dissolution of the partnership, and for his room and garage, and for his board. Chambers v. Ross, 25 N.J.L. 293 (Sup. Ct. 1855); Conover v. Conover, 1 N.J. Eq. 403 (Ch. 1831); 21 A.L.R. 50, note 4.
One of the counts in the counterclaim sought recovery of $240 rental collected by plaintiff for decedent. There was error in entering judgment for counterclaimant for the whole of this item because plaintiff's unrefuted testimony was that he deposited this rent in the partnership account. Thereby defendant's decedent received the benefit of one-half of this sum. The award as to this item is modified accordingly, thus enlarging the judgment for plaintiff by $120. Except as so modified the judgment is affirmed but without costs to either party.