695 A.2d 350

MENDEL WHITE, PLAINTIFF–APPELLANT, v. BERNARD
CAESAR, JAMES C. NAPOLI, AND CAESAR &
NAPOLI, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted April 30, 1997—Decided June 25, 1997.

Before Judges LONG, SKILLMAN and CUFF.

Appellant *Mendel White* submitted a *pro se* brief.

*Evans, Osborne, Kreizman & Bonney,* attorneys for respondents (*Robert S. Bonney, Jr.,* of counsel; *Mr. Bonney* and *Janice Venables,* on the brief).

The opinion of the court was delivered by

CUFF, J.A.D.

This case involves a dispute among attorneys precipitated by the dissolution of their partnership for the practice of law. Plaintiff Mendel White appeals from an order granting partial summary judgment which establishes his participation in the assets of the partnership at five percent. He also appeals from an order entered pursuant to *R.* 4:37–2(b) which dismissed his claim for unpaid salary. We affirm the partial summary judgment but reverse the order granting an involuntary dismissal and remand for a new trial on plaintiff's claim for unpaid salary.

In February 1992, plaintiff and defendants Bernard Caesar and James C. Napoli formed a partnership for the practice of law in New York and New Jersey known as Caesar, Napoli & White. In April 1993, Caesar and Napoli dissolved the three-man partnership and formed a new partnership, Caesar & Napoli. Plaintiff filed a complaint seeking an accounting, distribution of one-third of the assets of the dissolved partnership and unpaid salary. By agreement between the parties, the accounting has been referred to binding arbitration.

All parties agree that they never entered a written partnership agreement upon the formation of Caesar, Napoli & White.

It is also undisputed that the parties entered an oral agreement that plaintiff was entitled to five percent of the profits of the partnership. On dissolution, however, plaintiff contends that *N.J.S.A.* 42:1–18 provides that he should receive "one-third of the partnership in dissolution." The motion judge granted defendants' motion for partial summary judgment and limited plaintiff to five percent. He reasoned that the parties orally agreed that plaintiff was entitled to five percent of the profits of the ongoing partnership; therefore, plaintiff was limited to the same percentage on dissolution. We agree and affirm.

Plaintiff's argument is predicated on *N.J.S.A.* 42:1–18a, which establishes the rights and duties of partners, and *N.J.S.A.* 42:1–40, which establishes rules for distribution on dissolution. *N.J.S.A.* 42:1–18a provides that "[e]ach partner shall ... share equally in the profits and surplus...." Thus, he argues that he is entitled to one-third of the partnership on dissolution. Plaintiff's argument, however, ignores the qualifying language in section 18a. That language, "subject to any agreement between them," allows the partners to vary the basic statutory rules.

Moreover, the Uniform Partnership Law, *N.J.S.A.* 42:1–1 to 43, does not define the terms "profits" or "surplus." Noted commentators have observed that "profits" and "surplus" also refer to a portion of a partner's equity interest in the assets of the firm. Alan R. Bromberg & Larry E. Ribstein, *Bromberg & Ribstein on Partnership* § 3.04(c) (1988). Furthermore, text authority indicates that, in the absence of any agreement to the contrary, the partners share in the surplus after dissolution in the same proportion that they share in the profits. *Id.* at § 7.10. *See also* 59A *Am.Jur.*2d *Partnership* § 1221 (1987).

The limited case law on this topic generally reflects the view reported by the commentators. In *Mahan v. Mahan*, 107 *Ariz.* 517, 489 *P.*2d 1197 (1971), the Arizona Supreme Court held that, after payment of other partnership liabilities upon liquidation, the distribution of any remaining partnership property is in accordance with the formula for distribution of profits. In *Mahan,* the

profits were divided on an equal basis; therefore, any profit or surplus after satisfaction of other partnership liabilities must be shared equally. *Id.* at 1198–1200. *Molineaux v. Raynolds*, 54 *N.J. Eq.* 559, 35 *A.* 536 (Ch. 1896), decided before the adoption of the Uniform Partnership Act in 1914, reflects a similar view. Accordingly, we conclude that the motion judge correctly limited plaintiff's participation in any surplus on dissolution to the same percentage as his share of profits.

At trial, plaintiff testified that there was an oral agreement between the partners to pay him an annual salary of $100,000 plus five percent of the profits of the partnership. Although he could not recall if there was an agreement that any unpaid salary would be a debt of the partnership, he testified that his salary was carried on the books of the partnership as a debt without objection by the other partners.

Defendants argued that payment of a salary was incompatible with plaintiff's position as a partner in the firm. The trial judge agreed and entered judgment on this issue in favor of defendants. He observed that plaintiff was a partner rather than an employee of the partnership and noted that there was a clear legal distinction between a partner and an employee. Finally, he concluded that plaintiff failed to establish that any unpaid salary was treated as a debt of the partnership.

A motion for involuntary dismissal pursuant to *R.* 4:37–2(b) must be denied if the plaintiff has produced any evidence, including all favorable inferences which can be drawn from that evidence, which could sustain a judgment in plaintiff's favor. *Dolson v. Anastasia*, 55 *N.J.* 2, 5, 258 *A.*2d 706 (1969). Applying that standard to the evidence produced by plaintiff requires a reversal of the order dismissing plaintiff's salary claim.

Defendants acknowledge plaintiff's testimony that the parties agreed to pay plaintiff an annual salary of $100,000 and that plaintiff's salary would be treated as a debt of the partnership. They argue, however, that *N.J.S.A.* 42:1–18 precludes the notion

of receipt of a salary by a partner. That statute provides in pertinent part:

> The rights and duties of the partners in relation to the partnership shall be determined, subject to any agreement between them, by the following rules:
>
> . . .
>
> f. No partner is entitled to remuneration for acting in the partnership business, except that a surviving partner is entitled to reasonable compensation for his services in winding up the partnership affairs.
>
> [*N.J.S.A.* 42:1–18f.]

Notably, defendants focus on the language which states that a partner shall not receive any remuneration but they ignore the language "subject to any agreement between them." The essence of plaintiff's claim is that the parties entered into an agreement which was specifically designed to alter the usual rules governing the relationship between the partners.

Section 18 codifies the common law rule that a partner shall not receive any compensation for his efforts on behalf of the partnership unless there is an agreement between or among the partners. *Coddington v. Idell,* 29 *N.J. Eq.* 504, 507–08 (Ch. 1878). *See also Bell v. Perry,* 110 *N.J. Eq.* 365, 368, 160 *A.* 421 (E. & A.1932) ("[i]n the absence of an agreement, a partner is not entitled to remuneration for acting in the partnership business") (citing *Coddington, supra,* 29 *N.J. Eq.* 504); *Condon v. Moran,* 11 *N.J.Super.* 221, 224, 78 *A.2d* 295 (App.Div.1951) (the parties may agree to vary the usual rule that a partner is not entitled to compensation for tending to the affairs of the partnership). Moreover, a noted treatise has recognized that the basic no-compensation rule is often altered by express agreement. Bromberg & Ribstein, § 6.02(g).

Defendants suggest that the oral agreement to pay a salary is not legally sufficient. However, the same commentators note that the no-compensation rule may be altered by an implied agreement. They state:

> The no-compensation rule may also be altered by an implied agreement. An agreement to pay wages is often implied if wages are paid over a period of time

and duly entered in the books without objection by the other partners, who are presumably familiar with the partnership books.

[*Ibid.*]

Indeed, in *Fortugno v. Hudson Manure Co.*, 51 *N.J.Super.* 482, 144 *A.2d* 207 (App.Div.1958), we recognized the claim of a partner for salary because the appearance of wages on the books of the partnership validated its existence.

In view of plaintiff's testimony of an oral agreement to pay a salary and its treatment by the partnership as a debt of the partnership, defendants' motion for involuntary dismissal should not have been granted and the order dismissing this claim is reversed. We remand for a new trial on plaintiff's salary claim.

Affirmed in part; reversed in part and remanded for a new trial.